UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

TERRANCE ANTHONY KINARD,

        Movant,

-vs-

UNITED STATES OF AMERICA,

        Respondent.

No. 2:15-CR-0118-WFN-1

ORDER DENYING
§ 2255 MOTION

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 107). The Motion is submitted by Mr. Kinard, who is appearing *pro se* in these proceedings. Mr. Kinard alleges that his counsel performed ineffective assistance of counsel and that the Court's Guideline calculations were in error. In the previous Order, ECF No. 109, the Court found that Mr. Kinard had not stated a claim for ineffective assistance of counsel because he didn't establish that failure to file motions prejudiced him in any way. However, the Court did ask that the Government respond to his challenge to the Court's calculation of the Guidelines and application of the career offender Guideline specifically.

**DISCUSSION**

As noted in the earlier order, Mr. Kinard established that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely. The Court now examines whether the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Kinard argues that the Court misapplied the Guidelines. Specifically, Mr. Kinard argues the Court could not use the state conviction as a predicate for career offender and that the drug amount was

ORDER ON § 2255 MOTION - 1

improperly calculated. At the sentencing hearing the Court found that Mr. Kinard qualified as a career offender pursuant to § 4B1.1(c).

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Court adopted the Presentence Investigation Report [PSR] finding that Mr. Kinard is a career offender pursuant to U.S.S.G. § 4B1.1 based on two predicate drug trafficking offenses, one Federal conviction for Possession with Intent to Distribute 5 grams or more of a Mixture of Substance Containing Cocaine Base in 2008, and a state conviction for Possession with Intent to Deliver Marijuana from 2002.

The PSR also included reference to the Base Level Mr. Kinard would have been subject to based on the drug quantity Guidelines. In the Plea Agreement, Mr. Kinard agreed that, "the Defendant's base offense level is twenty-eight (28) based on the amount of pure methamphetamine, and the mixtures of substances containing methamphetamine and heroin involved in the Defendant's relevant conduct." ECF No. 103. However, the amount of drugs did not determine Mr. Kinard's applicable Guideline range.

At the sentencing hearing the Court reviewed Mr. Kinard's lengthy criminal history noting that he epitomizes a career offender. The Court noted several convictions for a variety of crimes including assault and drug distribution. The current conviction appeared to be a continuation of the same path Mr. Kinard has followed for his entire adult life.

The Court properly implemented the Guidelines in effect at the time of sentencing. However, the Court notes that the state conviction now could not serve as a predicate due to a recent decision by the Ninth Circuit finding that Washington State's criminal statutes are indivisible and too broad to serve as predicate offenses. *See United States v. Valdivia-Flores*, --- F.3d --- (9th Cir. December 7, 2017). The Government argues that Mr. Kinard's 1993 Federal conviction qualifies as a predicate offense. The Court disagrees. Only those convictions that earn points pursuant to § 4A.1.2 can serve as predicate

convictions for § 4B1.2. See § 4B1.3 App. Note 3 and § 4A1.2 App. Note 3(A). The Court acknowledges that if Mr. Kinard were sentenced today, he would likely not qualify as a career offender. However, it is not apparent that the Ninth Circuit ruling applies retroactively to Mr. Kinard's case.

Ultimately, application of the Guidelines did not dictate a fair and reasonable sentence in Mr. Kinard's case. The Court also examined the 18 U.S.C. § 3553(a) factors and varied significantly from the career offender Guideline range. Had the Court relied solely on the drug quantity agreed in the Plea Agreement, the Total Offense Level would have been 25 (Base Level 28 less 3 points for Acceptance of Responsibility). With a criminal history category V, Mr. Kinard's range would have been 100 to 125 months. Mr. Kinard's sentence fell within this Guideline range. At the sentencing, the Court addressed many factors justifying why this was a fair and reasonable sentence regardless of the Guideline range determined by the Court. The Court noted that among other things, Defendant's age, community ties, substance abuse issues, and family ties all suggested the mandatory minimum sentence imposed by the Court was appropriate.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion. Thus a certificate of appealability should issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed August 15, 2017, **ECF No. 107**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND**
- **CLOSE** the corresponding civil file, 2:17-CV-0282-WFN.

**DATED** this 20th day of December, 2017.

12-18-17

s/ Wm. Fremming Nielsen<br>
WM. FREMMING NIELSEN<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 4