UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRENCE ANTHONY KINARD,<br><br>              Movant,<br><br>   -vs-<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | No.   2:15-CR-0118-WFN-1<br><br>ORDER DENYING § 2255 MOTION |

      Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 107). The Motion is submitted by Mr. Kinard, who is appearing *pro se* in these proceedings.

      The Court previously issued an Order denying Mr. Kinard's Motion. ECF No. 119. However, Mr. Kinard correctly pointed out he had not had an opportunity to file a reply. ECF No. 120. The Court vacated the Order pending Mr. Kinard's reply. ECF No. 121. Mr. Kinard's Reply emphasizes his argument that his 2002 marijuana conviction no longer qualifies as a drug trafficking offense triggering the career offender provisions of the Guidelines found at § 4B1.1. This is correct. However, as discussed in the previous Order, the case law that Mr. Kinard relies upon is not retroactive and therefore does not require vacating the sentence.

      Though the Guideline range would be likely calculated differently today than it was at the time of sentencing, Mr. Kinard has not proven that his sentence was illegal or unconstitutional. "Although the Guidelines remain the starting point and the initial benchmark for sentencing, a sentencing court . . . must make an individualized assessment based on the facts presented and the other statutory factors." *Beckles v. United States*, 137 S. Ct. 886, 894, 197 L. Ed. 2d 145 (2017) (internal citation and quotation omitted). At the

time of sentencing the Court appropriately exercised discretion deviating from the Guideline range based on the § 3553(a) factors. This resulted in Mr. Kinard being sentenced to 120 months. That sentence is actually within the applicable Guideline range that would have applied had the Court not found that Mr. Kinard qualified as a career offender pursuant to § 4B1.1. (Mr. Kinard asserts that he would be subject to a range of 87 - 105 months without explanation. According to the Court's calculations, Mr. Kinard's base level for the drugs was a 28. He earned three points off for acceptance of responsibility, leaving him with an adjusted offense level of 25. With a criminal history of V, his range without reference to § 4B1.1 would have been 100 - 125 months. His sentence of 120 months is within that range.)

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion. Thus a certificate of appealability should issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The Court's Order at ECF No. 119 is **REINSTATED** and augmented by this Order.

2. Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed August 15, 2017, **ECF No. 107**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,

- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND**
- **CLOSE** the corresponding civil file, 2:17-CV-282-WFN.

**DATED** this 24th day of May, 2018.

05-15-18

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 3