FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  -vs-<br><br>TERRENCE ANTHONY KINARD,<br><br>              Defendant. | Nos.  2:15-CR-0118-WFN-1<br>        2:08-CR-0184-WFN-1<br><br>ORDER REDUCING SENTENCE |

      Pending before the Court is Defendant's Motion to Reduce Sentence. ECF No. 143. Defendant has exhausted his claim with the Bureau of Prisons [BOP]. Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

      Defendant has demonstrated compelling reasons warranting a sentence reduction. Defendant suffers from health issues that increase his risk of serious illness and death if he contracts COVID-19. He has submitted documentation of a myriad of health issues including obesity and chronic kidney disease, both of which are known to increase risk of serious illness and death if he contracts COVID-19, and hypertension and hyperlipidemia both of which may increase risk. ECF No. 143. Additionally, Defendant is in his mid-sixties which also increases his risk of serious illness were he to contract COVID-19. Evidence demonstrates that he faces an increased chance of serious illness and death if he

were to contract COVID-19.  The Government's Response was filed after the initial Motion and prior to availability of the COVID-19 vaccine.  The Government did not update the filing, so the Court is unaware whether Defendant availed himself of the vaccine.  However, even if vaccinated, breakthrough cases are still possible and pose a greater risk to those suffering comorbidities.  Defendant's projected release date is November 25, 2024.  He has served a little over half of his original sentence.

      Had Defendant been sentenced today, he would have faced a lower guideline range than the sentence imposed.  If sentenced to the low-end of today's guidelines, including a 12-month consecutive sentence for the supervised release violations, Defendant would have faced a 90-month sentence. Defendant has served approximately 72 months.

      If Defendant can refrain from drug use/ distribution he is not a danger to the safety of any other person or the community.  He has no history of gun possession.  Though he has multiple assault related convictions—one in 1976, one in 1991 and the last in 1998, in the last twenty years he has no further incidences of violence.  Consequently, the Court concludes that Defendant has presented compelling reasons for a modification of his sentence.  The Court has reviewed the file and Motion and is fully informed.  Accordingly,

      **IT IS ORDERED** that:

      1.   Defendant's Motion to Reduce Sentence, filed March 10, 2021, **ECF No. 143**, is **GRANTED**.

      2.   Defendant's sentence is reduced to **time served**.

      3.  This Order is **STAYED for up to fourteen days**, for the verification of Defendant's residence and release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release.  The Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

   4. Defendant must provide the complete address where Defendant will reside upon release to the probation office in the district where he will be released.

   5. Defendant's previously imposed conditions of supervised release are unchanged.

   6. An amended judgment will be entered in each matter following expiration of the stay.

   The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

   **DATED** this 17th day of November, 2021.

                _____
                WM. FREMMING NIELSEN
11-09-21            SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3