PROB 12C
(6/16)

Report Date: March 17, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2022

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Terrence Anthony Kinard | Case Number: 0980 2:15CR00118-WFN-1 |

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: February 9, 2017

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 5 Grams or More of Pure (Actual) Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846<br>Distribution of a Mixture or Substance Containing a Detectable Amount of Heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C) |
| Original Sentence: | Prison - 120 Months; TSR - 48 Months |
| Amended Sentence: (November 24, 2021) | Prison - 2,218 Days; TSR - 48 Months |
| Asst. U.S. Attorney: | U.S. Attorney's Office |
| Defense Attorney: | J. Houston Goddard |

Type of Supervision: Supervised Release

Date Supervision Commenced: November 30, 2021

Date Supervision Expires: November 29, 2025

## PETITIONING THE COURT

To issue a **SUMMONS**.

On December 1, 2021, Mr. Terrence Kinard signed his conditions relative to case number 2:15CR00118-WFN-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Kinard was made aware by his U.S. probation officer that he was required to refrain from the use of illicit substances.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.<br><br>**Supporting Evidence**: Mr. Kinard is alleged to have violated mandatory condition number 3 by ingesting methamphetamine as previously occurring on or about March 1, 2022, based on urinalysis testing and the client's admission of such use.<br><br>Specifically, on March 1, 2022, Mr. Kinard was directed by the undersigned officer to report to the U.S. Probation Office in Spokane, to submit to urinalysis testing. Mr. Kinard reported |

Prob12C
Re: Kinard, Terrence Anthony
March 17, 2022
Page 2

as directed, and subsequently submitted a urinalysis sample for testing that reflected as presumptive positive for methamphetamine, amphetamine, and cocaine. Mr. Kinard ultimately admitted to previously ingesting methamphetamine approximately 10 days prior, stating that he believed the use to have occurred the "weekend before last." Mr. Kinard was unable to provide a date of last use.

Mr. Kinard was advised that while the undersigned officer appreciated his disclosure, methamphetamine would not have remained in his system sufficient to again result in a presumptive positive test as occurring 10 days later. Mr. Kinard then stated memory concerns, indicating that his memory was not "great," but again reaffirming he believed that he last used methamphetamine the "weekend before last." Mr. Kinard denied any use of cocaine.

On March 9, 2022, the lab report specific to the urinalysis sample submitted by Mr. Kinard was received by the U.S. Probation Office in Spokane, in which the sample was confirmed to be positive for both amphetamine and methamphetamine, but negative for cocaine.

2  **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Kinard is alleged to have violated mandatory condition number 3 by ingesting methamphetamine as previously occurring on or about March 10, 2022, based on the client's admission of such use.

Specifically, on March 10, 2022, the undersigned officer received notification from Pioneer Human Services in Spokane, that the client had previously failed to appear for random urinalysis testing on March 9, 2022. Mr. Kinard was contacted on the day in question and he admitted to forgetting to call the provider as required. Mr. Kinard was directed to report for urinalysis testing with the contract provider on the day in question.

On March 11, 2022, the undersigned officer received notification from the contract provider that the client had previously reported to the provider as directed on March 10, 2022, and had in fact submitted a presumptive positive urinalysis sample that registered positive for amphetamine, methamphetamine, and cocaine. A drug use admission form was received on the day in question in which Mr. Kinard checked the box denying any use of the substances identified during testing. The sample was subsequently forwarded to the lab for verification, with the result having yet to be received by the U.S. Probation Office.

On March 15, 2022, Mr. Kinard again reported to Pioneer Human Services in Spokane, for random urinalysis testing, and submitted a urinalysis sample that reflected as presumptive positive for amphetamine, methamphetamine, morphine and cocaine. A drug use form was subsequently received in which the client admitted to having previously ingested a controlled substance, as indicated by the test, previously occurring on March 10, 2022. The sample was again forwarded to the lab for verification, with the result having yet to be received by the U.S. Probation Office.

On March 16, 2022, Mr. Kinard was contacted at his residence by the undersigned officer due to the concerns as outlined herein. Mr. Kinard indicated that he did believe he had used methamphetamine as most recently occurring on March 10, 2022, indicating he believed that both his March 10 and 15, 2022, positive tests had stemmed from his relapse occurring on

Prob12C
Re: Kinard, Terrence Anthony
March 17, 2022
Page 3

a single occasion. Mr. Kinard was again advised that the time frames of use, should the test return as confirmed positive from the lab, were inconsistent with his statements. Mr. Kinard again cited memory concerns, indicating that he did not recall any additional use and indicating that he absolutely did not knowingly ingest any other substance other than methamphetamine.

Mr. Kinard then inquired as to how long he would have needed to be in the presence of others who were using illicit substances for himself to test positive for the same substances, further indicating that methamphetamine may have also been in his coffee.

The U.S. Probation Office respectfully recommends the Court **issue a SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under a penalty of perjury that the foregoing is true and correct.

Executed on: March 17, 2022

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

3/17/2022
Date